Wayne Jerome ROBERTSON,
Plaintiff—Appellant,

v.

R.D. VANZANDT, Lieutenant; J. Arvizu, C/O; J.D. Vaughn; T. Walters, C/O; D.L. McDaniel, Lieutenant; M. Gonzales, C/O; Robert Allen Decker, Sergeant; K. Gabaldon; H. Lomonco, Captain; B. Farris, Jr., Warden; G.A. Smith, Warden, Defendants—Appellees.

No. 00–16966.
D.C. No. CV–99–05737–OWW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 12, 2002.

Decided March 20, 2002.

Before REINHARDT and FISHER, Circuit Judges and MOLLOY,* District Judge.

### MEMORANDUM **

Wayne Jerome Robertson, a California state prisoner, appeals the district court's dismissal of his *pro se* complaint against the prison guards at the Corcoran State Prison as time-barred under California's one-year statute of limitations. In his complaint, Robertson alleges that the prison guards intentionally staged fights among inmates, failed to protect inmates from injury during these fights (and sometimes inflicted injury on inmates under the guise of attempting to break up the fights), and then concealed their misconduct. Robertson seeks monetary relief under 42 U.S.C. § 1983.

The district court dismissed Robertson's *pro se* complaint with prejudice under Federal Rule of Civil Procedure 12(b)(6) as time-barred, because he filed his complaint in April of 1999 but the injuries for which he seeks relief resulted from fights that occurred in 1994. Robertson appeals alleging that, because of the deliberate concealment of the conspiracy to violate inmates' civil rights by staging fights, he was unable to discover that he had a cause of action for deliberate indifference under the Eighth Amendment until the news of a four-year FBI investigation into the prison guard practices at Corcoran became public in 1998. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir.1988) (en banc) (holding that, to establish deliberate indifference under the Eighth Amendment, the inmate must prove that the specific prison official, in acting or failing to act, was *deliberately* indifferent to the mandates of the Eighth Amendment and that this in-

difference was the actual and proximate cause of the deprivation of the inmates' Eighth Amendment right to be free from cruel and unusual punishment). Because he filed within one year of the discovery of facts sufficient to state a cause of action, Robertson alleges that his complaint was timely filed.

■ At oral argument, the defendants conceded that, if Robertson obtained his first knowledge of the alleged conspiracy from the newspapers in 1998, his complaint was timely filed under the statute of limitations. Because Robertson alleges in his complaint that he first learned of the conspiracy through 1998 newspaper articles and because all of the factual allegations in his complaint must be considered true and all reasonable inferences must be drawn in his favor at this stage in the proceedings, *see TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir.1998), we hold that the district court erred in dismissing his complaint as time-barred.

■ We may uphold the district court's decision, however, on any ground supported by the record, even if it differs from the rationale below. *See Smith v. Duncan*, 274 F.3d 1245, 1248 (9th Cir. 2001). After the district court issued its decision in this case, the Supreme Court decided *Booth v. Churner*, 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001), in which it held that, under the Prison Litigation Reform Act, 42 U.S.C. § 1997(e), an inmate seeking only money damages must complete any prison administrative process capable of addressing the inmate's complaint and providing some form of relief, even if the process does not provide for the recovery of monetary relief. *See also Porter v. Nussle*, —— U.S. ——, 122 S.Ct. 983, —— L.Ed.2d —— (2002) (holding that

---

* The Honorable Donald W. Molloy, United States District Judge for District of Montana, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

the Prison Litigation Reform Act's exhaustion requirement applies to all inmate suits about prison life, including excessive force claims under § 1983). Because Robertson's complaint on its face shows that he failed to exhaust his administrative remedies by first presenting his claims to the Department of Corrections under California Administrative Code title 15, section 3084.1(a), the Prison Litigation Reform Act precludes him from bringing an action in federal court at this time. 42 U.S.C. § 1997e(a).

Therefore, Robertson's complaint must be dismissed *without prejudice* in order to permit him to exhaust his administrative remedies.

REMANDED FOR ENTRY OF JUDGMENT OF DISMISSAL WITHOUT PREJUDICE.